**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000596**
**31-AUG-2018**
**10:51 AM**

NO. CAAP-18-0000596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ALFRED NAPAHUELUNA SPINNEY, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CR. NO. 3DTA-17-03816)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Upon review of the record of district court criminal case number 3DTA-17-03816 for the resulting appeal in appellate court case number CAAP-18-0000596, it appears that we lack appellate jurisdiction pursuant to Hawaii Revised Statutes (HRS) § 641-12(a) (2016).  In this appeal, Defendant-Appellant Alfred Napahueluna Spinney (Spinney), pro se, appeals from the Honorable Peter Bresciani's July 18, 2018 order compelling Spinney to attend to attend (1) an appointment with adult probation on July 19, 2018, and (2) an appointment with "Dr. Manke" on July 27, 2018, and then return to district court on August 15, 2018 for a further fitness hearing (July 18, 2018 Order) under HRS Chapter 704 to determine whether he is fit to proceed to a

future bench trial on Plaintiff-Appellee State of Hawaii's (the State) December 22, 2017 complaint against Spinney for (1) operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant in violation of HRS § 291E-62 (Supp. 2017) and (2) operating a motor vehicle without proof of liability insurance in violation of HRS § 431:10C-104 (2005). Under these circumstances, the dismissal of this appeal from the July 18, 2018 Order is warranted.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). The Hawaiʻi Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12(a) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawaiʻi 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawaiʻi Rules of Penal Procedure. In order to perfect a defendant's right to appeal from a district court criminal case pursuant to HRS § 641-12, the district court must enter either a judgment of conviction with a complete sentence, or a judgment dismissing the complaint without prejudice, thereby terminating the proceedings and leaving nothing further to be accomplished by the district court. State v. Kilborn, 109 Hawaiʻi 435, 442, 127 P.3d 95, 102 (App. 2005) (Dismissing an appeal from a district court judgment of conviction where "the sentence imposed was not the final sentence because the district court expressly left open the possibility

2

that its sentence of Kilborn might include an order requiring Kilborn to pay restitution."); Nicol, 140 Hawai'i at 491, 403 P.3d at 268.

In the instant case, the July 18, 2018 Order is not an appealable final order under HRS § 641-12, and, thus, it will be eligible for appellate review only by way of an appeal from a future appealable final judgment under the principle that, "[a]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). The district court has not yet entered an appealable final judgment on the State's original December 22, 2017 two-count complaint, and, thus, we lack appellate jurisdiction over this appeal.

Although, on May 23, 2018, the district court entered a "FINDINGS AND JUDGMENT OF SUMMARY-DIRECT CRIMINAL CONTEMPT" against Spinney, finding that Spinney caused a breach of peace and disturbance in open court, and was guilty of "summary-direct criminal contempt" in violation of subsections (a) and (b) of HRS § 710-1077(1) (2014 & Supp. 2017) under the circumstances described in HRS § 710-1077(3)(a), and sentenced Spinney to imprisonment for a term of thirty days, HRS § 710-1077(5) provides that "[a] judgment, sentence, or commitment under subsection (3)(a) shall not be subject to review by appeal, but shall be subject to review in an appropriate proceeding for an extraordinary writ or in a special proceeding for review." (Emphasis added). See also State v. Tierney, 92 Hawai'i 178, 179, 989 P.2d 262, 263 (1999). Absent an appealable final judgment under HRS § 641-12, we lack appellate jurisdiction over Spinney's appeal.

//

//

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000596 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **August 31, 2018.**

Presiding Judge

Associate Judge

Associate Judge